# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Amy Bermudez,  )
    Plaintiff,  )
                )
vs.  )    Case No.: 18-cv-04141
                )
City of Topeka, Kansas  )
    Defendant.  )
                )

## <u>NOTICE TO PLAINTIFF OF REMOVAL</u>

**TO:**   Cynthia J. Sheppeard
       Goodell, Stratton, Edmonds & Palmer, LLP
       515 S. Kansas Ave.
       Topeka, KS  66603
       <u>csheppeard@gseplaw.com</u>
       *Attorney for Plaintiff*

Please take notice that on November 26, 2018, Defendant City of Topeka, Kansas filed a Notice of Removal, a copy of which is attached hereto, in the United States District of Kansas. You are also advised that the same Defendant filed a notice in the District Court of Shawnee County to effect removal pursuant to 28 United States Code § 1446.

Respectfully Submitted,

/s J. Phillip Gragson
J. Phillip Gragson, #16103
David P. Mudrick, #09293
Adam C. Mauck, #27638
HENSON, HUTTON,
  MUDRICK & GRAGSON, LLP
3649 SW Burlingame Road, Ste. 200
Topeka, KS  66611
Ph. (785) 232-2200; Fax (785) 232-3344
<u>jpgragson@hhmglaw.com</u>
<u>dmudrick@hhmglaw.com</u>
<u>amauck@hhmglaw.com</u>
*Attorneys for City of Topeka*

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that a copy of the above and foregoing was delivered via electronic mail to the following:

Cynthia J. Sheppeard
Goodell, Stratton, Edmonds & Palmer, LLP
csheppeard@gseplaw.com
*Attorney for Plaintiff*

/s/ J. Phillip Gragson
J. Phillip Gragson

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | | |
|---|---|---|
| Amy Bermudez,<br>Plaintiff, | ) ) ) | |
| | ) | Case No.: 18-4141 |
| vs. | ) ) | |
| City of Topeka, Kansas<br>Defendant. | ) ) ) ) | Re:   District Court of Shawnee County,<br>Kansas<br>Case No.: 2018-CV-802<br>Division 7 |

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO:**   **United States District Court for the District of Kansas.**

**COMES NOW** City of Topeka ("Defendant") pursuant to 28 U.S.C. § 1441 *et seq.*, and files this Notice of Removal of Case No.: 2018-CV-802 from the District Court of Shawnee County, Kansas, ("State Court Action") to the United States District Court for the District of Kansas. The grounds for removal are as follows:

1.        Defendant is the only defendant in the above-entitled action.

2.        On October 24, 2018, Plaintiff Amy Bermudez ("Plaintiff") filed a Petition in the District Court of Shawnee County, Kansas.

3.        Defendant was served with the Petition on November 5, 2018.

4.        Defendant's time to file an Answer in the State Court Action has not lapsed and Defendant has not filed an Answer.

5.   The Petition is a civil action purporting to allege causes of action pursuant to 42 U.S.C. § 2000e-2(a) *et. seq.*, and 42 U.S.C. § 2000e-3(a), *et. seq.*

6.·  This Court has original jurisdiction over this action because it involves a federal question pursuant to 42 U.S.C. § 2000e-2(a) et. seq., and 42 U.S.C. § 2000e-3(a), *et. seq.* and, therefore, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has

1

3

supplemental jurisdiction over state law claims alleged in the State Court Action pursuant to 28 U.S. Code § 1367.

7.      Pursuant to 28 U.S.C. § 1446(a), copies of the Summons, Petition, and all subsequent state court filings, are attached hereto as "Exhibit A." These documents are the only pleadings to date in this matter.

8.      This Notice is being filed with this Court within thirty (30) days after service on Defendant of the Summons and Petition in the above-entitled action.

9.      Defendant, upon filing this Notice of Removal in the United States District Court for the District of Kansas, also filed copies of this Notice with the Clerk of the District Court of Shawnee County, Kansas, in order to effect removal of this action pursuant to 28 U.S.C. §1446(d).

## DESIGNATION OF PLACE OF TRIAL

Defendants designate the place of trial in this matter to be Topeka, Kansas.

**WHEREFORE,** Defendant City of Topeka requests that the above action be removed from the District Court of Shawnee County, Kansas to this Court.

Respectfully Submitted,

/s J. Phillip Gragson
J. Phillip Gragson, #16103
David P. Mudrick, #09293
Adam C. Mauck, #27638
HENSON, HUTTON,
  MUDRICK & GRAGSON, LLP
3649 SW Burlingame Road, Ste. 200
Topeka, KS  66611
Ph. (785) 232-2200; Fax (785) 232-3344
jpgragson@hhmglaw.com
dmudrick@hhmglaw.com
amauck@hhmglaw.com
*Attorneys for City of Topeka*

2

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that a copy of the above and foregoing Notice of Removal was placed in the United States Mail, first-class, postage prepaid this 26th day of November, 2018, to the following:

Cynthia J. Sheppeard
Goodell, Stratton, Edmonds & Palmer, LLP
515 S Kansas Avenue
Topeka, KS 66603
ATTORNEY FOR PLAINTIFF

And a chambers copy was delivered to:

The Honorable Franklin Theis
Division 7, Courthouse
200 SE 7th Street
Topeka, Kansas 66603

/s/ J. Phillip Gragson
J. Phillip Gragson

5

ELECTRONICALLY FILED
2018 Oct 24 AM 10:47
CLERK OF THE SHAWNEE COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-000802

## IN DISTRICT COURT OF SHAWNEE COUNTY, KANSAS

AMY BERMUDEZ,                          )
                                       )
    *Plaintiff,*                       )
                                       )
v.                                     )          Case No. _____
                                       )
                                       )          Division _____
CITY OF TOPEKA, KANSAS                 )
                                       )
    *Defendant*                        )
                                       )

REC'D TOPEKA CITY CLERK
'18 NOV 5 PM 2:47

### PETITION

Pursuant to Chapter 60

Plaintiff Amy Bermudez for her cause of action against the City of Topeka, Kansas, states and alleges the following:

### PARTIES

1.    Plaintiff Amy Bermudez ("Bermudez") is an individual who resides in Topeka, Kansas.

2.    Defendant City of Topeka, Kansas ("City"), is a Kansas municipality, and can be served with process by service upon the Clerk of the City of Topeka, City Hall, 215 S.E. 7th St., Topeka, Kansas 66603.

### JURISDICTION AND VENUE

3.    Jurisdiction and venue are proper in this Court.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.    Bermudez exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.,* and the Kansas Act Against

1



EXHIBIT
A

6

Discrimination (KAAD), K.S.A. 44-1001, *et seq.*, by timely filing a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC"). with instructions to dual file it with the Kansas Human Rights Commission.

7.    On July 24, 2018, the EEOC issued Bermudez a right to sue letter.  This action is filed within 90 days of Bermudez' receipt of that letter.

## FACTS COMMON TO ALL COUNTS

8.    Prior to December 1, 2017, Bermudez had been employed by the Topeka Fire Department ("TFD") as a Fire Inspector III for 18 years.

9.    Bermudez was one of two female Fire Inspectors in the TFD.

10.    At all times relevant to this action, Bermudez' immediate supervisor was the City's Fire Marshal, Michael Martin ("Martin").

11.    Since some time prior to 2017, it has been the TFD's practice to make employee evaluations that show acceptable work identical, in order to leave supervisors free to promote based upon social contacts outside of work.  Many of these social contacts outside of work occur in male-dominated settings, resulting in systematic discrimination against female employees in giving of promotions.

12.    In January 2017, Bermudez inspected St. Gregory Suites and found violations.

13.    Prior to her inspection of St. Gregory Suites, Bermudez had a history of no customer complaints.

14.    On February 23, 2017, Martin gave Bermudez her annual performance evaluation.

15.    On March 3, 2017, Bermudez returned her performance evaluation to Martin, with a written response that, among other things, complained about discrimination on the basis of sex in the use of evaluations in making promotions.

2

Discrimination (KAAD), K.S.A. 44-1001, *et seq.*, by timely filing a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC"). with instructions to dual file it with the Kansas Human Rights Commission.

7.     On July 24, 2018, the EEOC issued Bermudez a right to sue letter.  This action is filed within 90 days of Bermudez' receipt of that letter.

## FACTS COMMON TO ALL COUNTS

8.     Prior to December 1, 2017, Bermudez had been employed by the Topeka Fire Department ("TFD") as a Fire Inspector III for 18 years.

9.     Bermudez was one of two female Fire Inspectors in the TFD.

10.     At all times relevant to this action, Bermudez' immediate supervisor was the City's Fire Marshal, Michael Martin ("Martin").

11.     Since some time prior to 2017, it has been the TFD's practice to make employee evaluations that show acceptable work identical, in order to leave supervisors free to promote based upon social contacts outside of work.  Many of these social contacts outside of work occur in male-dominated settings, resulting in systematic discrimination against female employees in giving of promotions.

12.     In January 2017, Bermudez inspected St. Gregory Suites and found violations.

13.     Prior to her inspection of St. Gregory Suites, Bermudez had a history of no customer complaints.

14.     On February 23, 2017, Martin gave Bermudez her annual performance evaluation.

15.     On March 3, 2017, Bermudez returned her performance evaluation to Martin, with a written response that, among other things, complained about discrimination on the basis of sex in the use of evaluations in making promotions.

2

16.     As a result of her inspection of St. Gregory Suites in January 2017, the owner of the property subsequently complained to Martin about the violations found.

17.     Instead of supporting Bermudez findings, Martin took over contact with the owner from Bermudez.

18.     Bermudez was told about St. Gregory's complaint, and relieved of her duties with regard to that facility, shortly after she gave Martin her response to her performance evaluation.

19.     Martin subsequently sent male Fire Inspectors to follow up on Bermudez' inspection of St. Gregory Suites.

20.     On or about March 15, 2017, Martin solicited a written complaint against Bermudez from the owner of St. Gregory Suites, and received an e-mail from the owner's secretary saying that a written complaint was forthcoming. Martin forwarded this e-mail to Bermudez.

21.     TFD supervisors, including the Fire Marshal, do not customarily solicit written complaints against male employees.

22.     On or about March 22, 2017 Martin e-mailed Bermudez to tell her he had received another verbal complaint against her from the Ramada Inn, and they would need to meet to talk about it. When Bermudez told Martin she had not inspected the Ramada yet, he said the complaint was from the Best Western Bermudez had inspected two weeks previously.

23.     The usual procedure for a first meeting about a complaint is for the supervisor to meet with the employee alone.

24.     On or about April 3, 2017 Martin called Bermudez to tell her that he would meet her to talk about Best Western's complaint on April 5. At that time, Martin also told Bermudez that Tammy Torrez ("Torrez") from the City's Human Resources department, would attend the meeting, and that Bermudez could also bring someone.

3

25.     Bermudez perceived that Martin asked Torrez to attend the meeting in order to intimidate her.

26.     On April 5, 2017, Martin and Torrez met with Bermudez and David Banks, a TFD union member Bermudez brought with her.   The meeting was recorded.

27.     When Bermudez asked why it had taken two weeks for Martin to meet with her about the Best Western complaint, he answered that he had not wanted to take action based on just a verbal complaint, and indicated that it had taken the extra time to "get" Best Western to send him a letter.

28.     On or about April 6, 2017, Bermudez asked Martin for a copy of Best Western's written complaint because she was making an appointment to discuss it with the Chief of the TFD. She further stated that she believed there were no customer complaints and that she wanted to talk to the Chief about being threatened and harassed with non-existent complaints.

29.     On April 11, 2017, Bermudez met with the Chief of the TFD.

30.     When Bermudez arrived at her appointment with the Chief on April 11, she discovered that the Chief had also invited the Deputy Chief, Torrez and a TFD union representative to the meeting.

31.     The Chief talked during the entire meeting, belittling and demeaning Bermudez. He would not permit Bermudez to voice her complaints, insisting instead that they must be in writing.   The Chief also made a gesture towards Bermudez' file and said, "I'm not going to listen to any of that."

32.     The City's anti-harassment and anti-bullying policies do not require that complaints of harassment or bullying be put in writing before they will be investigated.

4

33.     The City Contract with the TFD union requires the City to provide training opportunities for its employees to attain and maintain minimum position qualifications.

34.     Throughout Bermudez' tenure prior to September, 2017, Fire Inspectors had never been required to maintain physical qualifications as firefighters, including being able to pass the confidence course in full firefighting gear.

35.     During her tenure as a Fire Inspector, Bermudez was never offered or allowed any opportunity for fire suppression training.

36.     During her tenure as a Fire Inspector, Bermudez was never allowed work out time while on duty to maintain firefighter physical qualifications, even though such time is provided to male fire suppression personnel.

37.     In September 2017, both of the male Fire Inspectors in the TFD had recently transferred from Fire Suppression, and were therefore current on their firefighter qualifications. Neither Bermudez nor the other female inspector were current on their firefighter qualifications, due to lack of training opportunities.

38.     On September 11, 2017, the Training Chief of the TFD sent all of the Fire Inspectors, and fire suppression employees, an e-mail requiring them to attend training on use of the new airpack, or self-contained breathing apparatus.

39.     When asked for the details of this training, the Training Chief indicated that it would, among other things, require passing the confidence course in full firefighting gear.

40.     Bermudez raised with Martin her concerns about the two female Fire Inspectors' ability to pass the confidence course without training for it, and, as a result, the Training Chief stated he would permit the female Fire Inspectors to just sit in on airpack training without attempting the confidence course.

5

41.     At the time of the airpack training, Bermudez and the other female Fire Inspector were teased and harassed about not doing the full airpack training, including the confidence course.

42.     Bermudez complained to TFD about this harassment, was told it would be investigated, and was later interviewed about what had happened.

43.     A week after the interview, TFD posted on its official Twitter account a picture of Martin, wearing a shirt and tie and part of his firefighter gear, with the statement "No one is immune from training on the new airpacks, #TrainingInATie."

44.     After the training incident and the #TrainingInATie tweet, Martin and other male City employees refused to talk with Bermudez directly.

45.     Bermudez was also excluded from the work group in the Fire Marshal's office.

46.     On December 1, 2017, Bermudez submitted her notice of resignation, effective December 15, 2017. However, she was placed on administrative leave on December 4, and not allowed to complete the last two weeks of her employment..

## COUNT I
## TITLE VII DISCRIMINATION ON THE BASIS OF SEX

47.     Bermudez incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

48.     TFD's practice of giving identical evaluations to facilitate promotion based on social contacts made in male-dominated off-duty settings constitutes discrimination in promotional opportunities on the basis of sex in violation of 42 U.S.C. § 2000e-2(a).

49.     TFD's decision first to require Bermudez to complete airpack training that included the confidence course, without allowing her advance training opportunities afforded the male Fire Inspectors, then to expose her to ridicule and harassment by other employees by openly excusing

6

them from this training, constituted discrimination on the basis of sex in the terms and conditions of her employment violation of 42 U.S.C. § 2000e-2(a).

## COUNT II
## KAAD DISCRIMINATION ON THE BASIS OF SEX

50. Bermudez incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

51. TFD's practice of giving identical evaluations to facilitate promotion based on social contacts made in male-dominated off-duty settings constitutes discrimination in promotional opportunities on the basis of sex in violation of K.S.A. 44-1009(a)(1).

52. TFD's decision first to require Bermudez and the other female Fire Inspector to complete airpack training that included the confidence course, without allowing them advance training opportunities afforded the male Fire Inspectors, then to expose them to ridicule and harassment by other employees by openly excusing them from this training, constituted discrimination on the basis of sex in violation of K.S.A. 44-1009(a)(1).

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

53. Bermudez incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

54. TFD's handling of the complaints against Bermudez it says it received from St. Gregory Suites and Best Western was undertaken in retaliation for her March 3, 2017 response to her performance evaluation, which included a complaint that evaluations were being used to perpetuate discrimination on the basis of sex in promotional opportunities at TFD, as set forth in Counts I and II, above. As such, it constituted retaliation in violation of 42 U.S.C. § 2000e-3(a).

55. TFD's handling of its attempt to require the two female Fire Inspectors to complete the confidence course during airpack training, without first being permitted to train for the

13

confidence course, then exposing them to predictable harassment by male employees when it openly excused them from the confidence course, constituted retaliation in violation of 42 U.S.C. § 2000e-3(a).

56.     Martin's "#TrainingInATie" tweet, on the official TFD Twitter account, further encouraged harassment and exclusion of Bermudez on account of being excused from the confidence course during airpack training, and constituted retaliation in violation of 42 U.S.C. § 2000e-3(a).

57.     The net effect of the retaliatory actions discussed in paragraphs 53 through 56, above, and the harassment, bullying and exclusion from the work group that resulted from it, rendered Bermudez work situation intolerable, and constituted retaliatory constructive discharge in violation of 42 U.S.C. § 2000e-3(a).

## COUNT IV
## RETALIATION IN VIOLATION OF KAAD

58.     Bermudez incorporates by reference all previous paragraphs of her Petition as though fully set forth herein.

59.     TFD's handling of the complaints against Bermudez it says it received from St. Gregory Suites and Best Western was undertaken in retaliation for her March 3, 2017 response to her performance evaluation, which included a complaint that evaluations were being used to perpetuate discrimination on the basis of sex in promotional opportunities at TFD, as set forth in Counts I and II, above. As such, it constituted retaliation in violation of K.S.A. 44-1009(a)(4).

60.     TFD's handling of its attempt to require the two female Fire Inspectors to complete the confidence course during airpack training, without first being permitted to train for the confidence course, then exposing them to predictable harassment by male employees when it

8

14

openly excused them from the confidence course, constituted retaliation in violation of K.S.A. 44-1004(a)(4), (a)(7) and (c)(2).

61.     Martin's "#TrainingInATie" tweet, on the official TFD Twitter account, further encouraged harassment and exclusion of Bermudez on account of being excused from the confidence course during airpack training, and constituted retaliation in violation of K.S.A. 44-1004(a)(4), (a)(7) and (c)(2).

62.     The effect of the retaliatory actions discussed in paragraphs 58 through 61, above, and the harassment, bullying and exclusion from the work group that resulted from it, rendered Bermudez work situation intolerable, and constituted retaliatory constructive discharge in violation of K.S.A. 44-1004(a)(4), (a)(7) and (c)(2).

WHEREFORE, Bermudez prays an award of reinstatement with back pay, or, in the alternative, back pay and front pay, compensatory damages, pre-and post-judgment interest, court costs and attorney's fees, and such other relief as the Court finds fair and equitable.

Respectfully submitted by,

/s/ Cynthia J. Sheppeard
Cynthia J. Sheppeard, #12039
GOODELL, STRATTON, EDMONDS & PALMER, LLP
515 S. Kansas Avenue
(785) 233-5093
(785) 233-8870 (fax)
csheppeard@gseplaw.com
Attorneys for Plaintiff

9

15

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, above named, and requests trial by jury of twelve on all

issues in the above entitled matter.

Respectfully submitted by,

*/s/ Cynthia J. Sheppeard*
Cynthia J. Sheppeard, #12039
GOODELL, STRATTON, EDMONDS & PALMER, LLP
515 S. Kansas Avenue
(785) 233-5093
(785) 233-8870 (fax)
csheppeard@gseplaw.com
*Attorneys for Plaintiff*

10

16

ELECTRONICALLY FILED
2018 Nov 01 PM 2:21
CLERK OF THE SHAWNEE COUNTY DISTRICT COURT
CASE NUMBER:  2018-CV-000802

Amy Bermudez

vs.

City of Topeka Kansas

## SUMMONS

To the above-named Defendant/Respondent:

> **City of Topeka Kansas**
> **c/o Brenda Younger City Clerk**
> **215 SE 7th St**
> **Topeka, KS  66603**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Cynthia J Sheppeard
> 515 S Kansas Ave
> Topeka, KS 66603

within 21 days after service of summons on you.

Clerk of the District Court
Electronically signed  on 11/01/2018 03:42:00 PM

**Documents to be served with the Summons:**
Petition – City of Topeka Kansas

17

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Amy Bermudez, | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | Re:   District Court of Shawnee County, |
| City of Topeka, Kansas | ) | Kansas |
| Defendant. | ) | Case No.: 2018-CV-802 |
| | ) | Division 7 |

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO:    United States District Court for the District of Kansas.**

**COMES NOW** City of Topeka ("Defendant") pursuant to 28 U.S.C. § 1441 *et seq.*, and files this Notice of Removal of Case No.: 2018-CV-802 from the District Court of Shawnee County, Kansas, ("State Court Action") to the United States District Court for the District of Kansas. The grounds for removal are as follows:

1.    Defendant is the only defendant in the above-entitled action.

2.    On October 24, 2018, Plaintiff Amy Bermudez ("Plaintiff") filed a Petition in the District Court of Shawnee County, Kansas.

3.    Defendant was served with the Petition on November 5, 2018.

4.    Defendant's time to file an Answer in the State Court Action has not lapsed and Defendant has not filed an Answer.

5.   The Petition is a civil action purporting to allege causes of action pursuant to 42 U.S.C. § 2000e-2(a) *et. seq.*, and 42 U.S.C. § 2000e-3(a), *et. seq.*

6.   This Court has original jurisdiction over this action because it involves a federal question pursuant to 42 U.S.C. § 2000e-2(a) et. seq., and 42 U.S.C. § 2000e-3(a), *et. seq.* and, therefore, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has

1

supplemental jurisdiction over state law claims alleged in the State Court Action pursuant to 28 U.S. Code § 1367.

 7. Pursuant to 28 U.S.C. § 1446(a), copies of the Summons, Petition, and all subsequent state court filings, are attached hereto as "Exhibit A." These documents are the only pleadings to date in this matter.

 8. This Notice is being filed with this Court within thirty (30) days after service on Defendant of the Summons and Petition in the above-entitled action.

 9. Defendant, upon filing this Notice of Removal in the United States District Court for the District of Kansas, also filed copies of this Notice with the Clerk of the District Court of Shawnee County, Kansas, in order to effect removal of this action pursuant to 28 U.S.C. §1446(d).

**DESIGNATION OF PLACE OF TRIAL**

 Defendants designate the place of trial in this matter to be Topeka, Kansas.

 **WHEREFORE,** Defendant City of Topeka requests that the above action be removed from the District Court of Shawnee County, Kansas to this Court.

      Respectfully Submitted,

      /s J. Phillip Gragson
      J. Phillip Gragson, #16103
      David P. Mudrick, #09293
      Adam C. Mauck, #27638
      HENSON, HUTTON,
       MUDRICK & GRAGSON, LLP
      3649 SW Burlingame Road, Ste. 200
      Topeka, KS 66611
      Ph. (785) 232-2200; Fax (785) 232-3344
      jpgragson@hhmglaw.com
      dmudrick@hhmglaw.com
      amauck@hhmglaw.com
      *Attorneys for City of Topeka*

2

19

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that a copy of the above and foregoing Notice of Removal was placed in the United States Mail, first-class, postage prepaid this 20th day of November, 2018, to the following:

> Cynthia J. Sheppeard
> Goodell, Stratton, Edmonds & Palmer, LLP
> 515 S Kansas Avenue
> Topeka, KS 66603
> ATTORNEY FOR PLAINTIFF

And a chambers copy was delivered to:

> The Honorable Franklin Theis
> Division 7, Courthouse
> 200 SE 7th Street
> Topeka, Kansas 66603

                                        /s/ J. Phillip Gragson
                                        J. Phillip Gragson

3

**ELECTRONICALLY FILED**
2018 Nov 08 PM 1:33
CLERK OF THE SHAWNEE COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-000802

Case #  2018-CV-802

Amy Bermudez

vs

City of Topeka, Kansas

Service Type: Certified Mail _____ Shawnee ___ County
Service On: City of Topeka, Kansas
c/o Brenda Younger, City Clerk
215 SE 7th Street
Topeka, KS  66603

RETURN ON SERVICE OF  Petition

I hereby certify that I have served this  Petition                                          :

(1) **Personal Service.** By delivering a copy of such document to the above named party on the date indicated: _____
(Date)

(2) **Residence Service.** By leaving a copy of such document at the usual place of residence of the above named party with a person of suitable age and discretion residing therein on the date indicated: _____  _____
(Name)                                   (Date)

(3) **Agent Service.** By delivering a copy of such document to the following agent authorized by appointment or by law to receive service of process on the date indicated: _____  _____
(Agent Name)                              (Date)

(4) **Residence Service and Mailing.** By leaving a copy of such document at the usual place of residence of the above named party and mailing by first-class mail on the date indicated: _____
(Date)

(5) **Service by Return Receipt Delivery.** By causing to be delivered on 11/05/2018 _____, a copy of such document by return receipt delivery to the above named party at the above address with such delivery made by the following person or entity:
Cynthia J. Sheppeard _____ attached hereto is a copy of the return receipt evidencing such delivery.
(Name)

(6) **Return Receipt Refused.** By mailing a copy of such document by first-class mail, postage prepaid, addressed to the above named party at the above address on the date indicated: _____
(Date)

(7) **Facsimile.** By faxing a copy of such document to the above named party on the date indicated: _____
_____ at _____   (____)___-_____   (____)___-_____
(Date)         (Time)       (Number of transmitting machine)   (Number of receiving machine)

(8) **Avoidance of Service.** After diligent effort, I am satisfied that the above named party is secreting themselves in order to avoid the process of the Court

(9) **No Service.** The following above named party was not served.

Pursuant to K.S.A. 53-601, as amended, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:  11/05/2018     .

_Cynthia J. Sheppeard_ (signature)
Signature & Title of Officer or Process Server

Attorney Name:        Cynthia J. Sheppeard
Attorney Address:     Goodell, Stratton, Edmonds & Palmer, L.L.P
                      515 S. Kansas Avenue
                      Topeka, KS 66603

Attorney File Number:    12039

RETURN TO:
Clerk of the District Court
Shawnee County Courthouse
200 S.E. 7th St. Room 209
Topeka, Kansas 66603
Ph: (785) 251-6700
Fx: (785) 251-4911 or (785) 251-4908

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

City of Topeka, Kansas
C/o Brenda Younger City Clerk
215 SE 7th Street

9590 9402 2589 6336 9071 54

2. Article Number (Transfer from service label)

7015 0640 0000 8808 1888

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Brenda Younger
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Brenda Younger    11-5-18

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

22

FILED BY CLERK
KS. DISTRICT COURT
THIRD JUDICIAL DIST.
TOPEKA, KS

2018 NOV 16 P 3: 19

## District Court of Kansas • Third Judicial District

Shawnee County Courthouse • Division Seven

200 S.E. 7th, Suite 324

Topeka, Kansas, 66603-3922

(785) 251-6310

Fax (785) 291-4917

Chambers of
Franklin R. Theis
District Judge

Cindy Jones
Administrative Assistant

November 14, 2018

Cynthia J. Sheppeard
515 S. Kansas
Topeka, Kansas   66603

Case No. 2018CV802 Amy Bermudez v. City of Topeka, Kansas

Dear Counsel:

This letter is to advise that the above-numbered case has been placed on our calendar for setting or dismissal March 1, 2019, at 1:30 p.m. pending service, submission of a case management order, request for a scheduling conference, and/or discovery completion.

By such date the Court will assume that all substantial and necessary steps toward processing the case toward completion will have been undertaken, that if Court intervention is to be necessary, it will have been requested, and that if more time is needed, a request to the Court will have been made. Accordingly, such date, as noted, shall serve as a date for dismissal of the case without prejudice by the Court pursuant to K.S.A. 60-241(a)(2) if no setting or continuance has been sought. No further notice should be anticipated. The same requirement and result would be imposed for any continuance date.

Parties are advised that if a case management order is submitted, the section for the final pretrial date and trial date should be omitted. The Court will make contact on a setting date after the date for dispositive motions has passed. If the dispositive motion date is proposed to be in excess of six months from last service, counsel should justify the extended date by substantial reason by letter accompanying the proposed case management order. This letter should be forwarded to counsel who prepares the case management order.

Thanking you, I remain.

Franklin R. Theis
District Court Judge

FRT:cj

23